IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30147
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO EMILIO MEJIA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CR-20043
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Pablo Emilio Mejia pleaded guilty to one count of possession of cocaine with intent to distribute. The probation officer preparing the Presentence Report (PSR) recommended no adjustments to Mejia's base offense level for his role in the offense, and Mejia filed no objections to the PSR. Mejia was sentenced to 150 months imprisonment, five years supervised release, and a $50 special assessment.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Appointed counsel for appellant, Eugene A. Bouquet, has filed a brief that does not comply with Fed. R. App. P. 28. It cites no legal authority and makes no record references. This court is not satisfied with his unprofessional performance. Ordinarily, he would be required to rewrite to comply with the rules. Having looked at this record and the contentions, however, we see no reason to postpone decision.

This court reviews for plain error the denial of the two-level reduction for minor participant status. United States v. Navejar, 963 F.2d 732, 734 (5th Cir. 1992). A courier is not automatically entitled to a minor participant adjustment. United States v. Hewin, 877 F.2d 3, 5 (5th Cir. 1989). Mejia was driving a car with 105 kilograms of cocaine in a hidden compartment in the car. Given the quantity of the cocaine, the district court could determine that he was not a minor participant. Mejia cannot demonstrate error, plain or otherwise. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995).

Mejia also argues that he was entitled to a downward departure to the statutory minimum sentence. If a defendant is sentenced within the applicable guideline range appellate review is limited to determining whether the guidelines were correctly applied. United States v. Soliman, 954 F.2d 1012, 1013 (5th Cir. 1992). Mejia has not demonstrated any mitigating circumstances warranting a downward departure. Id. at 1014; U.S.S.G. § 5K2.0.

AFFIRMED.